1
2
3
4
5
6
7
8
# UNITED STATES DISTRICT COURT
9
## EASTERN DISTRICT OF CALIFORNIA
10
11   EFREN VALENCIA,                                    )   1:10-cv-01381-JLT HC
                                                         )
12                                                       )   ORDER TO SHOW CAUSE WHY THE
                            Petitioner,                  )   PETITION SHOULD NOT BE DISMISSED
13                                                       )   FOR LACK OF EXHAUSTION
         v.                                              )
14                                                       )   ORDER DIRECTING PETITIONER TO FILE
                                                         )   RESPONSE WITHIN THIRTY DAYS
15   KATHLEEN ALLISON,                                   )
                                                         )
16                          Respondent.                  )
                                                         )
17   _____

18       Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus

19   pursuant to 28 U.S.C. § 2254.  On August 12, 2010, Petitioner filed his written consent to the

20   jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 6).

21       The instant petition was filed on July 23, 2010.  (Doc. 1).  In the petition, Petitioner

22   alleges as follows: (1) he was denied the effective assistance of counsel because his trial attorney

23   did not assist Petitioner and acceded to prosecution requests for continuances; (2) insufficient

24   evidence to support conviction.  (Doc. 1, pp. 5; 7).

25       A preliminary review of the Petition, however, reveals that some or all of Petitioner's

26   claims may be unexhausted.

27       A.  <u>Preliminary Review of Petition</u>.

28       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

1

petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section

2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a

petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook,

260 F.3d 1039 (9th Cir.2001).

   B. Exhaustion.

   A petitioner who is in state custody and wishes to collaterally challenge his conviction by

a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

The exhaustion doctrine is based on comity to the state court and gives the state court the initial

opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d

1158, 1163 (9th Cir. 1988).

   A petitioner can satisfy the exhaustion requirement by providing the highest state court

with a full and fair opportunity to consider each claim before presenting it to the federal court.

Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);

Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest

state court was given a full and fair opportunity to hear a claim if the petitioner has presented the

highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis);

Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

   Additionally, the petitioner must have specifically told the state court that he was raising

a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

669 (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States

Supreme Court reiterated the rule as follows:

   In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state
   remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in
   order to give the State the "opportunity to pass upon and correct alleged violations of the
   prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be
   given the opportunity to correct alleged violations of prisoners' federal rights, they must

2

1   surely be alerted to the fact that the prisoners are asserting claims under the United States
2   Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state
    court trial denied him the due process of law guaranteed by the Fourteenth Amendment,
3   he must say so, not only in federal court, but in state court.

4   Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

5       Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal
        claims in state court *unless he specifically indicated to that court that those claims were*
6       *based on federal law.* See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000).
        Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must*
7       *make the federal basis of the claim explicit either by citing federal law or the decisions of*
        *federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d
8       882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
        underlying claim would be decided under state law on the same considerations that would
9       control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F.3d 1098, 1106-
        07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
10
        In Johnson, we explained that the petitioner must alert the state court to the fact that the
11      relevant claim is a federal one without regard to how similar the state and federal
        standards for reviewing the claim may be or how obvious the violation of federal law is.
12

13  Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

14          In this case, Petitioner has filled out the form petition with only partial answers.  He

15  indicates that he did file a direct appeal but that he cannot recall the name of the court.  (Doc. 1,

16  p. 2).  When asked if he had filed any petitions other than in his direct appeal, Petitioner indicates

17  that he "tried filing in the Northern District but it was dismissed because it was the wrong

18  district." (Doc. 1, p. 3).  Petitioner indicates that he appealed his claims to the "highest state

19  court having jurisdiction" over his claims, but then, incongruously, Petitioner also indicates that

20  he did not appeal to the "highest state court having jurisdiction" because "I tried to but I didn't

21  have a lawyer to assist in these legal questions.  I need competent counsel." (Doc. 1, p. 6).

22  Finally, when asked whether he raised the two claims in the instant petition in a "post-conviction

23  motion or petition for habeas corpus in a state trial court" Petitioner indicated "yes," but then

24  adds cryptically, "I told them I would appeal." (Doc. 1, pp. 6;  7).

25          The Court has accessed the electronic data base for the California state courts in order to

26

27

28

                                                   3

determine whether records of any filings by Petitioner are contained therein.[1]  The Court was not able to locate <u>any</u> filings, either on direct appeal or on habeas review, for Petitioner in the California Court of Appeal or in the California Supreme Court.

From the foregoing, it appears that Petitioner's claims were never presented to the California Supreme Court.  If Petitioner has not presented any of his claims to the California Supreme Court, the Court must dismiss the petition.  <u>See</u> <u>Calderon v. United States Dist. Court</u>, 107 F.3d 756, 760 (9th Cir. 1997) (en banc);  <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1273 (9th Cir. 1997).  The Court cannot consider a petition that is entirely unexhausted.  <u>Rose</u>, 455 U.S. at 521-22;  <u>Calderon</u>, 107 F.3d at 760.  Moreover, the Court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims.  <u>Rose</u>, 455 U.S. at 521-22, 102 S.Ct. at 1205; <u>Calderon v. United States Dist. Court (Gordon)</u>, 107 F.3d 756, 760 (9th Cir. 1997) (en banc) *cert. denied*, 118 S.Ct. 265 (1997).

Petitioner will be afforded an opportunity to respond to this Order to Show Cause by explaining what, if any, efforts he has made to fully exhaust his claims in the California Supreme Court.  If Petitioner has in fact presented his federal claims to the California Supreme Court and has simply neglected to inform this Court,  Petitioner **must** inform the Court in his response to the Order to Show Cause of when and where he presented the claim or claims to the California Supreme Court and, if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court.  Because the Court cannot determine whether Petitioner's claim or claims have ever been presented to the California Supreme Court, the Court is unable to proceed to the merits of the petition.

---

[1] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. <u>Mullis v. United States Bank. Ct.</u>, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); <u>see also</u> <u>Colonial Penn Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239 (4th Cir. 1989); <u>Rodic v. Thistledown Racing Club, Inc.</u>, 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

If Petitioner has exhausted some or all of his claims, in his Response to the Order to Show Cause, he should make clear when and in what court the claims were raised.  If possible, Petitioner should present to the Court documentary evidence showing that the claims were indeed presented to the California Supreme Court.[2]

If the Petition contains unexhausted claims, Petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims.  Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir.2000) ("habeas litigants must have opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal").

Petitioner may also move to withdraw the entire Petition and return to federal court only when he has finally exhausted his state court remedies.[3]  Petitioner should bear in mind, however, that there exists a one-year statute of limitations applicable to federal habeas corpus petitions.  28 U.S.C. § 2244(d)(1).  In most cases, the one year period starts to run on the date the California Supreme Court denied Petitioner's direct review.  Id.  Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court.  Duncan v. Walker, 531 U.S. 991 (2001).

Finally, Petitioner can do nothing and risk dismissal of the entire Petition should the Court determine that the Petition contains unexhausted claims.

**ORDER TO SHOW CAUSE**

Accordingly, the Court HEREBY ORDERS:

1.    Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for failing to exhaust state court remedies.

Petitioner is forewarned that his failure to comply with this order may result in a

---

[2]A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion.  The proper documentation to provide would be a copy of the Petition filed in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.

[3]This would be especially appropriate if neither of Petitioner's claims have been presented to the California Supreme Court, since the Court cannot entertain a petition that is entirely unexhausted.

1    Recommendation that the Petition be dismissed pursuant to Local Rule 110.

2

3    IT IS SO ORDERED.

4    Dated:   **August 26, 2010**                                    **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28