# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREN VALENCIA, </br></br>　　　　　　Petitioner, </br></br>　v. </br></br> KATHLEEN ALLISON, </br></br>　　　　　　Respondent. | 1:10-cv-01381-JLT HC </br></br> ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF EXHAUSTION </br></br> ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT AND CLOSE THE FILE </br></br> ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On August 12, 2010, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 6).

The instant petition was filed on July 23, 2010. (Doc. 1). In the petition, Petitioner alleges as follows: (1) he was denied the effective assistance of counsel because his trial attorney did not assist Petitioner and acceded to prosecution requests for continuances; (2) insufficient evidence to support conviction. (Doc. 1, pp. 5; 7).

On August 26, 2010, after a preliminary review of the Petition indicated that some or all of Petitioner's claims may be unexhausted, the Court issued an Order to Show Cause why the petition should not be dismissed for lack of exhaustion. (Doc. 7). That order provided Petitioner with thirty days in which to file a response. On September 9, 2010, Petitioner filed his response.

(Doc. 9). In that response, Petitioner does not dispute that his claims are unexhausted. Instead, he contends that state prison officials are tampering with his mail, that he is the subject of abuse by prison staff, and that he cannot make "safe contact" with the state courts. (Doc. 9, pp. 1-2). Petitioner refers the Court to a civil rights complaint filed in this Court as case number 1:10-cv-01348-GSA, that apparently raises these very claims. (Id.). Petitioner asks that this Court to forward his petition to the appropriate state court for further action. (Id.).

  A. <u>Preliminary Review of Petition</u>.

  As mentioned in the Order to Show Cause, Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.2001).

  B. <u>Exhaustion</u>.

  A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

1    Additionally, the petitioner must have specifically told the state court that he was raising
2    a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,
3    669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th
4    Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States
5    Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In this case, Petitioner has filled out the form petition with only partial answers.  He indicates that he filed a direct appeal but that he cannot recall the name of the court. (Doc. 1, p. 2).  When asked if he had filed any petitions other than in his direct appeal, Petitioner indicates that he "tried filing in the Northern District but it was dismissed because it was the wrong district." (Doc. 1, p. 3).  Petitioner indicates that he appealed his claims to the "highest state court having jurisdiction" over his claims, but then, incongruously, Petitioner also indicates that he did not appeal to the "highest state court having jurisdiction" because "I tried to but I didn't have a lawyer to assist in these legal questions.  I need competent counsel." (Doc. 1, p. 6).

3

Finally, when asked whether he raised the two claims in the instant petition in a "post-conviction motion or petition for habeas corpus in a state trial court" Petitioner indicated "yes," but then adds cryptically, "I told them I would appeal." (Doc. 1, pp. 6; 7).

The Court has accessed the electronic data base for the California state courts in order to determine whether records of any filings by Petitioner are contained therein.[1] The Court was not able to locate <u>any</u> filings, either on direct appeal or on habeas review, for Petitioner in the California Court of Appeal or in the California Supreme Court. Moreover, in his response to the Court's Order to Show Cause, Petitioner provided no evidence that the claims are exhausted. Indeed, to the contrary, Petitioner impliedly concedes that they are not exhausted by his request that this Court forward his petition to the appropriate state court for further proceedings.

From the foregoing, it appears that Petitioner's claims were never presented to the California Supreme Court. Since Petitioner has not presented any of his claims to the California Supreme Court, the Court must dismiss the petition. <u>See</u> <u>Calderon v. United States Dist. Court</u>, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition that is entirely unexhausted. <u>Rose</u>, 455 U.S. at 521-22; <u>Calderon</u>, 107 F.3d at 760.[2]

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. <u>Miller-El v. Cockrell</u>, 537

---

[1] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. <u>Mullis v. United States Bank. Ct.</u>, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), <i>aff'd</i>, 645 F.2d 699 (9th Cir.); <u>see also</u> <u>Colonial Penn Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239 (4th Cir. 1989); <u>Rodic v. Thistledown Racing Club, Inc.</u>, 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

[2] Although the Court is not unsympathetic to Petitioner's lack of legal training, the Court cannot comply with Petitioner's wish that it simply forward the instant petition for writ of habeas corpus to the appropriate state court. The claims in the instant petition have been presented to this Court as claims for *federal* relief. As discussed in this order, if Petitioner wishes to first pursue his claims as claims for *state* relief, Petitioner himself must first properly present them to the appropriate state court.

U.S. 322, 335-336 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> > (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.   Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Accordingly, the Court DECLINES to issue a certificate of appealability.

## ORDER

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED for lack of exhaustion.
2. The Clerk of the Court is DIRECTED to enter judgment and close the file.

1      3.      The Court DECLINES to issue a certificate of appealability.

3  IT IS SO ORDERED.

4  Dated:  **September 16, 2010**                 **/s/ Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE